# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VANESTA ENOCH, *et al.*,
    Plaintiffs,

Case No. 1:16-cv-661
Litkovitz, M.J.

vs.

HAMILTON COUNTY SHERIFF'S
OFFICE, *et al.*,
    Defendants.

ORDER

Plaintiffs initiated this civil rights action in 2016 challenging their arrests and the confiscation of their recording devices in the Hamilton County Courthouse. This matter is before the Court on plaintiffs' motion in limine to exclude witnesses and documents listed in defendants' second supplement to initial disclosures (Doc. 127), defendants' memorandum in opposition (Doc. 128), and plaintiffs' reply (Doc. 129).

## I. Background

On June 25, 2014, plaintiffs attended a pre-trial hearing in the criminal case of *State of Ohio v. Tracie Hunter* at the Hamilton County Courthouse (County Courthouse). At the hearing, the presiding judge specifically restricted all court attendees from using their "electronic devices" inside the courtroom during the official court proceedings; however, the judge did not issue a prohibition on the use of electronic devices in the County Courthouse hallways. Following the hearing, plaintiffs went into the public hallway of the County Courthouse and began taking photographs or "otherwise recording" Hunter, her lawyer, and events occurring in the hallway with their mobile devices. (Doc. 38 at ¶ 20). At the same time, approximately 20 other people gathered in the hallway and began using their "news cameras, cell phones, iPads and/or tablet devices" to record an "'impromptu' press conference" with Hunter's attorney and

other events occurring in the hallway. (*Id*. at ¶ 21). Hamilton County Sheriff's Deputies conducted warrantless searches and seizures of plaintiffs' mobile devices and arrested them.

The Court's calendar order required the parties to exchange witness lists by October 15, 2018, complete discovery by November 15, 2018, and file dispositive motions no later than January 15, 2019. (Doc. 70 at PAGEID 438). The parties complied. The Court ruled on all dispositive motions, resulting in two appeals to the Sixth Circuit.

Following the second appeal, the Court issued a scheduling order extending until September 30, 2020 the dispositive motion deadline. (Doc. 111). Defendants filed a motion to dismiss or for summary judgment on plaintiffs' remaining claims. (Doc. 112). On June 2, 2021, the Court granted defendants' motion as to all remaining counts except the official capacity claim for speech-based retaliation under the First Amendment. (Doc. 120 at PAGEID 2074).

On August 18, 2021, defendants served plaintiffs with a second supplement to initial disclosures. (Doc. 127-1). In it, defendants identified seven previously undisclosed fact witnesses and two additional documents it may offer at trial. The newly identified witnesses include: (1) Charmaine McGuffey, the current Hamilton County Sheriff who previously served as Deputy Sheriff in Charge of Court Services, to testify "concerning policy and enforcement of Hamilton County Common Pleas Court Local Rules limiting photography in the Courthouse from 2014 to present"; (2) three Sheriff's Deputies to testify "concerning enforcement of Hamilton County Common Pleas Court Local Rules limiting photography in the Courthouse"; (3) the former media liaison for the Hamilton County Prosecutor's Office to testify "concerning identification of media individuals in previously disclosed videos and requests to record in the Courthouse"; and (4) two individuals arrested in January 2021 for recording in the County Courthouse. (Doc. 127-1 at PAGEID 2095-96). The newly identified documents are

"[d]escriptors of individuals arrested and/or held in contempt for recording" in the County Courthouse. (*Id.* at PAGEID 2096).

Plaintiffs filed the instant motion in limine seeking to exclude all witnesses and documents identified in defendants' second supplement to initial disclosures. (Doc. 127). Plaintiffs contend that the supplemental disclosure is untimely and Federal Rules of Civil Procedure 26 and 37 bar use of the recently disclosed witnesses and documents at trial. Defendants contend that the recent disclosure was "substantially justified"—and therefore not barred—"by the ever-changing posture of the claims in this case since the close of discovery." (Doc. 128 at PAGEID 2124).

## II. Rule 26(e) and Rule 37(e) Standards

Pursuant to Federal Rule of Civil Procedure 26(e)(1), a party "must supplement or correct" a discovery disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Such supplemental disclosures must be made "in a timely manner" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A), (B). "Rule 26(e) 'was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a "supplement" to earlier disclosures.'" *Thomas v. McDowell*, No. 2:10-cv-152, 2014 WL 5305501, at *1 (S.D. Ohio Oct. 15, 2014) (quoting *Barlow v. Gen. Motors Corp.*, 595 F. Supp. 2d 929, 935-36 (S.D. Ind. 2009)).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.

3

P. 37(c)(1). "Rule 37(c)(1) requires absolute compliance with Rule 26(a) and (e)," unless the party seeking to supplement demonstrates substantial justification or harmlessness. *Oster v. Huntington Bancshares Inc.*, No 2:15-cv-2746, 2017 WL 3208620, at *10 (S.D. Ohio July 28, 2017).

"Substantially justified" has been interpreted to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Thomas*, 2014 WL 5305501, at *2. "The advisory committee's note to Rule 37(c) strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Cincinnati Holding Co., LLC v. Fireman's Fund Ins. Co.*, No. 1:17-cv-105, 2020 WL 635655, at *5 (S.D. Ohio Feb. 11, 2020) (quoting *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003)) (internal quotations omitted).

### III. Sheriff McGuffey and Current or Former Hamilton County Employees

Defendants seek to add five current or former Hamilton County employees to their witness list (collectively "Hamilton County witnesses"). Specifically, defendants seek to add Sheriff Charmaine McGuffey (who previously served as the Hamilton County Deputy Sheriff in Charge of Court Services) and three current Deputies to testify concerning the policy or enforcement of limiting photography in the County Courthouse. (Doc. 127-1 at PAGEID 2095). Defendants also seek to add the former media liaison for the Hamilton County Prosecutor's Office to identify media members depicted in previously disclosed videos of the County Courthouse incident. (*Id.*). As the discovery period expired on November 15, 2018, Rule 37(c)(1) requires the Court to exclude these witnesses unless defendants can demonstrate that the failure to identify them in 2018 was "substantially justified" or "harmless." *Thomas*, 2014 WL 5305501, at *2.

Defendants contend that the years-late identification of these witnesses is "substantially justified by the procedural posture of this case." (Doc. 128 at PAGEID 2122). According to defendants, the Sixth Circuit decisions in this case and this Court's ruling on defendants' motion to dismiss or for summary judgment reframed or expanded plaintiffs' claims to include informal policies, procedures or customs and to require identification of others depicted in the videos who were also using recording devices. (*Id.* at PAGEID 2123-25). The Court disagrees.

Enoch's pro se complaint, filed July 8, 2016, clearly alleged that "[t]he Hamilton County Sheriff's Office and County Sheriff Neil caused these constitutional violations by implementing, following, ratifying, failing to remedy a policy, practice or custom that encourages the restriction of individual rights protected by the First Amendment." (Doc. 6 at PAGEID 52). Enoch alleged in 2016 that "[e]ven if they were not acting in accordance with an official policy or practice of the Hamilton County Sheriff's Office," defendants retaliated against her for engaging in constitutionally protected free speech by seizing her device and arresting her. (*Id.*). Similarly, plaintiffs' January 6, 2017 amended complaint alleged that "[p]rivate individuals have the free speech right, protected under the First Amendment to the United States Constitution to document the public performance of government officials and disseminate information of a public concern" . . . "yet Defendants threatened to arrest or punish Plaintiffs as they were documenting such public activity." (Doc. 38 at PAGEID 170). Plaintiffs further alleged that "Defendants' committed the wrongful acts described above in accordance with official custom, policy or practice of Hamilton County as implemented and enforced by Defendant Neil acting as the highest official of Hamilton County with respect to such custom policies and practices." (*Id.* at PAGEID 174). Indeed, the first request in plaintiffs' prayer for relief asked the Court to "[i]ssue a declaratory judgment that the custom, policy and/or practice of the Defendants described herein

this Complaint are violations of Plaintiff's civil rights protected by the First, Fourth, Fifth and Fourteenth Amendments and should be permanently enjoined." (*Id.* at PAGEID 184).

On July 24, 2018, plaintiffs deposed defendant Brian Hogan, a Hamilton County Court Services Officer. (Doc. 76). During his deposition, counsel asked Hogan about rules concerning recording in the County Courthouse. Specifically, counsel questioned Hogan regarding courthouse rule 33 (*Id.* at PAGEID 667, 724-25), the Sheriff's written policies (*Id.* at PAGEID 667-68), and the Sheriff's office policy (*Id.* at PAGEID 728). In fact, defendants' counsel asked Hogan about his "understanding that an individual that does not have the permission of the court cannot record or photograph in the hallways of the courthouse." (*Id.* at PAGEID 727). Plaintiffs' counsel then asked Hogan the basis for that understanding, and Hogan responded that it was part of his "FTO" (field training officer) training. (*Id.* at PAGEID 728). Hogan reiterated that his FTO training formed his understanding of "the sheriff's office policy." (*Id.* at PAGEID 728).

On July 25, 2018, plaintiffs deposed then-Sheriff Jim Neil. (Doc. 74). Similar to the Hogan deposition, plaintiffs questioned Neil about the various rules and policies governing recording in the County Courthouse. (*Id.* at PAGEID 484-93). Neil was asked about courthouse rule 33 (*Id.* at PAGEID 484, 486-87), the Sheriff's departmental policies (*Id.* at PAGEID 485), and FTO training (*Id.* at PAGEID 488). Counsel specifically questioned Neil about Hogan's deposition testimony (*Id.* at PAGEID 488-93), culminating in the following exchange:

> Q [by plaintiffs' counsel]. I get it. Well, there was an "or" in there and I think you said that the departmental policy is – and let me try to go back here, and correct me if I'm wrong, the policy is, in accordance with the field training officer saying that, no filming in the courthouse without the permission of a judge or whatever the judge says; is that a fair restatement?
>
> A [by Neil]. I'm not aware of a policy, a sheriff's office policy, that covers that, but it might be a policy of – established by, you know, the Court of Common Pleas.

> But I'm not aware of a sheriff's office – I'm sorry, I'm not aware of a sheriff's office policy. Again, as I stated earlier, I never worked in court services. I'm more familiar with policies that occurred out in the patrol function. Because we have policies and procedures that direct us in all of our different work areas.

(*Id.* at PAGEID 492-93).

The original pro se complaint, the amended complaint and the Hogan and Neil depositions exploring relevant policies and procedures all occurred well before the November 15, 2018 discovery deadline. Then-Sheriff Neil clearly testified on July 25, 2018 that he was unaware of a specific sheriff's office policy but lacked training in court services, and the office has "policies and procedures that direct us in all of our different work areas." (*Id.* at PAGEID 793). The time to explore those policies and procedures—including naming as witnesses the Deputy Sheriff in Charge of Court Services or any other knowledgeable Hamilton County employee—occurred in the summer of 2018, months before the discovery deadline expired.

In addition, it is difficult to comprehend how *granting* defendants' motion to dismiss or for summary judgment "expanded" plaintiffs' claims to include "an informal policy, procedure, custom or practice." (Doc. 128 at PAGEID 2125). As specified above, the complaint and amended complaint both pled claims based on customs, policies, and practices; the depositions explored written courthouse rules as well as other customs, policies and practices; and the prior orders of this Court and the Sixth Circuit dismissed numerous claims at defendant's request. At no point did either Court expand or amend plaintiffs' claims. Therefore, defendants' years-long delay in identifying the Hamilton County witnesses to opine on these issues is not substantially justified.

Defendants next contend that plaintiffs will not be harmed by permitting supplemental witnesses at this late date. The Court disagrees for two reasons.

7

First, to establish that the supplement is "harmless," defendants must demonstrate "honest mistake" on their part "coupled with sufficient knowledge on the part of the other party." *Cincinnati Holding Co.*, 2020 WL 635655, at *5 (quoting *Sommer*, 317 F.3d at 692). While the Court accepts defendants' representation that they possessed a "good faith, but mistaken, belief" that additional testimony was unnecessary (Doc. 128 at PAGEID 2125), defendants make no showing that plaintiffs possessed sufficient knowledge of these witnesses.

Second, defendants correctly note that trial is set for March 2022 so there may be time to depose these newly-identified witnesses prior to trial. However, at this late date, plaintiffs lack the ability to conduct additional discovery related to whatever testimony these witnesses will offer and "at the very least Plaintiff[s] would now have to re-plan [their] trial strategy to account for the unknowns that *could* have been made known during discovery." *Hickle v. Am. Multi-Cinemas, Inc.*, No. 2:15-cv-3068, 2021 WL 1511632, at *3 (S.D. Ohio April 17, 2021).

Thus, defendants have not established that their failure to timely supplement was substantially justified or harmless. Accordingly, Rule 37(c) precludes the testimony of the newly-identified Hamilton County witnesses.

## IV. Recently Arrested Individuals

In addition to the Hamilton County witnesses, defendants seek to add James Sullivan and David Gipson to their witness list and to supplement discovery with "descriptors" of these individuals. (Doc. 127-1 at PAGEID 2096). Sullivan and Gipson were arrested on January 15, 2021 for unauthorized recording in the County Courthouse. (*Id.* at PAGEID 2098-99).

Defendants contend that Sullivan and Gipson will "address the factual issue of whether Plaintiffs were treated dissimilarly than others in a retaliatory manner that violates the First

[A]mendment." (Doc. 128 at PAGEID 2124). However, defendants do not explain how two arrests approximately seven years after the arrests in question are relevant to this issue.

As the Sixth Circuit explained earlier in this case, the officers here had probable cause to arrest plaintiffs for violating Rule 33(D)(6), the County Courthouse recording rule. (Doc. 108 at PAGEID 1977-78). Thus, to succeed on their First Amendment claim, plaintiffs must offer "objective evidence that [they were] arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." (*Id.* at PAGEID 1982 (quoting *Nieves v. Bartlett*, 139 S.Ct. 1715, 1727 (2019)); (Doc. 120 at PAGEID 2063-64 (applying same standard)). The dissimilar treatment of similarly situated individuals is judged at the time of the arrest in question. *Hartman v. Thompson*, 931 F.3d 471, 484 n. 6 (6th Cir. 2019) ("Plaintiffs have not put forth any objective evidence that similarly situated individuals at the Breakfast had been allowed to engage in similarly disruptive activities without arrest.").

Because officers arrested Sullivan and Gipson approximately seven years after the arrests at issue here, they do not qualify as similarly situated individuals. Thus, their testimony and descriptors are not relevant and will be excluded.

**IT IS THEREFORE ORDERED THAT:**

Plaintiffs' motion in limine (Doc. 127) is **GRANTED**.

Date: 12/2/2021

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

9